UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| ANDREI HARRIS and | § | |
| TAKAYSHIA LADAY, | § | |
|     Plaintiffs, | § | CIVIL ACTION NO. 7:17-CV-107 |
| | § | |
| vs. | § | |
| | § | |
| TRANSGLOBAL SERVICES, LLC | § | |
| JEFFERY COLWELL, | § | |
| KAVEH BARAKHSHAN and | § | |
| JOHN RATLIFF | § | |
|     Defendants. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Andrei Harris and Takayshia Laday ("Plaintiffs") file this Original Complaint, as follows:

### I. PRELIMINARY STATEMENT

1. Transglobal Services, LLC ("Transglobal"), Jeffery Colwell, Kaveh Barakhshan and John Ratliff are the employers, co-employers and/or joint employers of Plaintiffs. Plaintiffs are office workers and typically work at least six days a week, working between 60-70 hours per week or more. Yet, Andrei Harris is paid a fixed salary and Takayshia Laday is paid a flat day rate with no additional compensation for overtime. Defendants' practice of failing to pay Plaintiffs one-and-a-half times their regular rate of pay for each hour worked above forty in a given week constitutes a violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs seek their unpaid overtime, liquidated damages, attorney's fees and case expenses and all other remedies available under the FLSA.

## II. PARTIES

2. Plaintiffs Andrei Harris and Takayshia Laday are Texas residents.

3. Defendant Transglobal Services, LLC is a Texas limited liability company with its principal place of business in Texas. Transglobal may be served through its registered agent for service of process in Texas, John Ratliff, at 201 West Wall St. Suite 325, Midland, TX 79701 or where found.

4. Defendant John Ratliff is an individual residing in Texas. Mr. Ratliff may be served at 201 West Wall St. Suite 325, Midland, TX 79701, or where found.

5. Defendant Kaveh Barakhshan is an individual residing in Texas. Mr. Barakhshan may be served at 4750 Tin Top Rd, Weatherford TX 76087, or where found.

6. Defendant Jeffery Colwell is an individual residing in Texas. Mr. Colwell may be served at 6914 Chessley Chase Drive, Sugar Land TX 77479, or where found.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because one of the Defendants resides in this district and all of the Defendants are residents of the State in which this district is located. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

10. At all relevant times, Defendants have acted, directly or indirectly, as an employer or joint employer with respect to Plaintiffs. Defendants were jointly responsible for all decisions related to the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours worked by Plaintiffs, and the compensation policies with respect to Plaintiffs.

11. At all relevant times, Defendants have each operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Defendants have each operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

13. At all relevant times, Plaintiffs were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

14. Transglobal is a field service provider in the energy industry. Transglobal primarily provides surveying, right of way and seismic services to oil and gas producers. Transglobal has been in existence since 2007 and has field offices in Spearman, Texas, Houston, Texas, San Angelo, Texas, Dilley, Texas, Carlsbad, New Mexico, Anchorage, AK and Hutchinson, KS. Transglobal also has administrative offices in Midland and Fort Worth. Transglobal also has a large workforce, with somewhere between 250-300 field workers.

15. Andrei Harris is paid a fixed salary and Takayshia Laday is paid a flat day. Both plaintiffs typically work at least six days a week, and usually work between 60-70 hours per week, if not more. Yet they do not receive any additional compensation for hours they work above forty in a given week.

16. Messrs. Colwell, Barakhshan and Ratliff are the owners and the primary decision-makers of Transglobal. In this capacity, Messrs. Colwell, Barakhshan and Ratliff are responsible for day-to-day operations of Transglobal. Messrs. Colwell, Barakhshan and Ratliff were responsible (either directly or through Transglobal personnel that they control and supervise) for the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours to be worked by Plaintiffs, and the compensations policies with respect to Plaintiffs. Messrs. Colwell, Barakhshan and Ratliff also maintained the employment records of Transglobal and have the power to hire and fire at Transglobal.

17. No exemption excuses Defendants from paying Plaintiffs overtime rates under the FLSA. Plaintiffs are office workers that answer phones, run errands such as making trips to the post office, answer e-mails, pay bills, and help with payroll, invoicing, and collections. Plaintiffs

have no authority to hire or fire, nor are their recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight. Nor do Plaintiffs' primary duties include the exercise of discretion and independent judgment with respect to matters of significance - Plaintiffs work under the close supervision of Messrs. Colwell, Barakhshan and Ratliff or others working at Transglobal.

18. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs are entitled to liquidated damages for such conduct.

19. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

20. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to the FLSA, Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VI. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

21. The foregoing allegations are incorporated herein by reference.

22. Plaintiffs are non-exempt employees of Defendants.

23. Plaintiffs are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

24. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

25. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

26. Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that Defendants be required to answer and appear, and that on final hearing, Plaintiffs be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a work-week at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412

Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS**